UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

JEAN F. THEIS                                              Chapter 7

    Debtor.                                    Bankruptcy No. 04-03064S

ORDER RE TRUSTEE'S OBJECTION TO EXEMPTION

The matter before the court is the trustee's objection to the debtor's claim of exemption in a beneficial interest in a trust.  Hearing was held November 9, 2004 in Sioux City.  Donald H. Molstad, Chapter 7 trustee, appeared on his own behalf.  Attorney Wil L. Forker appeared for debtor Jean F. Theis.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Findings of Fact

Jean Theis filed a Chapter 7 petition on August 9, 2004.  She listed on her schedule of personal property an interest in a trust described as "Irrevocable trust, viatical life settlement contract interest."  She stated that the property had no present value but had a future value of $23,287.  Theis claimed the property exempt under Iowa Code § 627.6(6), the exemption statute for interests in life insurance policies.

Theis is disabled and has been in a wheelchair for 23 years.  In July 1995, on the advice of counsel, she created The Irrevocable Jean F. Theis Trust (the "Theis Trust").  Theis is the primary beneficiary of the Theis Trust, and her

four adult children are the secondary beneficiaries. Her sister is the trustee. The trust contains a spendthrift clause. The trust was created in an effort to meet income and/or property qualifications for certain government-supported medical care benefits. She transferred property to the trust that she had received in 1994 divorce proceedings. This property included an interest in an IRA, a paid-up life insurance policy on the life of her former husband, a burial fund, and money invested with American Express Financial.

In 1996, Theis invested in a viatical settlement through an insurance agent. In this arrangement, a number of investors paid up the life insurance policy of a terminally ill person, a Mr. Deyo. The insured had been diagnosed with AIDS and had a life expectancy of about one year. Theis expected she would get a 12% return on her investment for at least one year. She expected to recover her investment with interest when Mr. Deyo died. Mr. Deyo is still living.

On April 23, 1996, the Theis Trust entered into a purchase agreement with Mutual Benefits Corp. to purchase Mr. Deyo's life insurance policy. The purchase amount was $23,287.00. Although the Theis Trust is designated as "Purchaser," the terms of the agreement provide that the Theis Trust would become a beneficiary under the policy and not the owner of the policy. Exhibit A, ¶ II.1.d.

In June 1996, Mr. Deyo's beneficiary consented to the

transfer of the policy to Mutual Benefits Corp.  Exhibit C.

The investors, including the Theis Trust, were designated as the new beneficiaries of the policy.  Exhibit D.

By letter dated July 30, 1996, Mutual Benefits Corp. advised Theis that the transaction had been completed.  The letter stated in part:

> Enclosed please find an executed copy of an Absolute Assignment of Ownership from Guardian Life Insurance Co. naming Mutual Benefits as the owner of the policy and an executed Change of Beneficiary form naming Jean F. Theis Irrevocable Trust dated 7/7/95, Jean F. Theis, TTEE as a beneficiary owning 5.2063% of the total death benefit of $500,953.00.  These forms document your interest in the above referenced policy.

Exhibit B.

The Theis Trust has liquidated all other assets in the trust and has used the money for Jean Theis's medical care.  The only remaining asset in the trust is the viatical contract.

## Discussion

Exemptions are to be construed liberally in favor of the debtor, but not for the purpose of extending the legislative grant.  Eilbert v. Pelican (In re Eilbert), 162 F.3d 523, 526 (8th Cir. 1998).  The trustee bears the burden of proving that the exemption is not properly claimed.  Fed.R.Bankr.P. 4003(c).

Theis claims the property exempt under Iowa Code

3

627.6(6), which provides an exemption for-

> The interest of an individual in any accrued dividend or interest, loan or cash surrender value of, or any other interest in a life insurance policy owned by the individual if the beneficiary of the policy is the individual's spouse, child, or dependent.

Theis recognizes that her property interest is not within the literal terms of the statute. She contends, however, that the property should be deemed an interest in life insurance and that her children are the beneficiaries of the policy. She reasons that her children would receive the proceeds of the policy if she died before the life policy matured.

The parties agree that the Theis Trust is a self-settled spendthrift trust. Debtor's beneficial interest in the trust became property of the bankruptcy estate, and the Chapter 7 trustee may reach the assets of the trust estate for the benefit of creditors. See generally Molstad v. Masching (In re Tunink), Adv. No. 93-5178XS (Bankr. N.D. Iowa April 22, 1994).

Nevertheless, the trust entity does not become void *ab initio* merely because the spendthrift clause in the trust is ineffective against the bankruptcy trustee. The court cannot ignore the Theis Trust's role in the viatical settlement transaction. The documentary evidence shows that Mutual Benefit Corp., as purchaser from Mr. Deyo, is the owner of the life insurance policy. The Theis Trust and the several other investors are the beneficiaries of the policy. Theis,

4

individually, is not the owner of the policy.  Her interest is a beneficial interest in the Theis Trust; it is not an interest in life insurance.

Even if the Theis Trust owned the policy, Theis's interest would not be exempt under § 627.6(6).  The statute requires that the beneficiary be the child or spouse of an individual owner.  Theis herself is the beneficiary of the trust, even though her children, absent bankruptcy, would have received trust property upon her death.  In re Tunink, slip op. at 4 (citing Harrison v. City National Bank of Clinton, 210 F.Supp. 362, 370 (S.D. Iowa 1962)).

IT IS ORDERED that the trustee's objection to exemption is sustained.

DATED AND ENTERED:

November 15, 2004

William L. Edmonds, Bankruptcy Judge